# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Samantha Bilinski, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   15 C 1288 |
| Cavalry SPV I, LLC, a Delaware limited liability company and J.C. Christensen & Associates, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Samantha Bilinski, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for that violation, and alleges:

## JURISDICTION AND VENUE

1.　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.　Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3.　Plaintiff, Samantha Bilinski ("Bilinski"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt, which was owed for a credit card account.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Cavalry operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant JCC.

6. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant JCC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Cavalry and JCC are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Cavalry and JCC each conduct extensive and substantial business in Illinois.

8. Defendants Cavalry and JCC are both licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Cavalry and JCC act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Bilinski fell behind on paying her bills, including a debt she allegedly owed for a credit card account. Plaintiff is informed and believes through counsel that, at some point in time after that debt became delinquent, it was allegedly acquired by Cavalry which began trying to collect upon it, by having Defendant JCC send Ms. Bilinski an initial form collection letter, dated October 12, 2014. This collection letter stated: "Current Creditor(s): Cavalry SPV I, LLC", but also stated: "Original Creditor(s): GE Capital Retail Bank/jcp credit card", and then stated that "[Y]our GE Capital Retail Bank/jcp account has been placed with us for collections". A copy of Defendants' letter is attached as Exhibit C.

10. Defendants' letter failed to explain what the relationship or difference was between the "Original Creditor(s)" and the "Current Creditor(s)", or how, the account was still a "GE Capital Retail Bank/jcp credit card account" when the "Current Creditor(s)" was Cavalry.

11. A simple statement that "Cavalry SPV I, LLC had bought the debt", or that that the debt was being collected upon for Cavalry, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Bilinski with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16. Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify effectively that Defendant Cavalry was the creditor to whom the debt was then owed, see, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2001); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

17. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Samantha Bilinski, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for a GE Capital Retail Bank/jcp credit card account that was then allegedly owed to Cavalry, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a

finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendants Cavalry and JCC regularly engage in debt collection, using the same form collection letter they sent Plaintiff Bilinski, in their attempts to collect delinquent consumer debts from other consumers.

20. The Class consists of more than 35 persons from whom Defendants Cavalry and JCC attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Bilinski.

21. Plaintiff Bilinski's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Bilinski will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Bilinski has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Samantha Bilinski, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Bilinski as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Bilinski and the Class, and against Defendants Cavalry and JCC, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Samantha Bilinski, individually and on behalf of all others similarly situated, demands trial by jury.

                                      Samantha Bilinski, individually and on
                                      behalf of all others similarly situated,

                                      By: /s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated:  February 11, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com